UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD LEFLORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00503-WTL-DML |
| | ) | |
| BRUCE LEMMON Individually and in his official capacity of Commisioner of the Indiana Department of Corrections, | ) ) ) | |
| DUSHAN ZATECKY Individually and in his official capacity of Warden of Pendleton Correctional Facility, | ) ) ) | |
| DUANE ALSIP Individually and in his official capacity of Assistant Warden of operations at Pendleton Correctional Facility, | ) ) ) | |
| ANDREW COLE Individually and in his official capacity of Assistant Warden of reentry at Pendleton Correctional Facility, | ) ) ) | |
| JERRY GILLEY Individually and in his official capacity of Captain at Pendleton Correctional Facility, | ) ) ) | |
| CHRISTOPHER SANFORD Individually and in his official capacity as E-Squad Commantder at the Pendleton Correctional Facility, | ) ) ) | |
| OFFICER DANIELS Individually and in his official capacity as an Officer at the Pendleton Correctional Facility, | ) ) ) | |
| E-SQUAD OFFICERS (Names Unknown), Individually and in their official capacities as Correctional Officers at Pendleton Correctional Facility, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Second Amended Complaint, Discussing Motion to Add First and Last
Names of E-Squad Officers, Dismissing Insufficient Claims, and
Directing Service of Process**

**I. Screening**

Plaintiff Edward LeFlore is incarcerated at the Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his second amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The second amended complaint filed on March 16, 2018, names the following defendants: 1) Bruce Lemmon; 2) Dushan Zatecky; 3) Duane Alsip; 4) Andrew Cole; 5) Jerry Gilley; 6) Christopher Sanford; and 7) E-Squad Officers (names unknown). Mr. LeFlore seeks compensatory, punitive, and nominal damages and injunctive relief.

*Allegations*

Mr. LeFlore alleges that on or about February 21, 2016, he was awakened at approximately 1:00 a.m. for a fire drill. He and about 300 other inmates were ushered into the gymnasium. He was directed to walk through a detection device and then Officer McConaughey ordered him to strip naked, raise his arms, open his mouth, lift his genitals, turn 180 degrees,

bend over, and spread his buttocks, exposing his anus while in full view of approximately 200 inmates, ten officers, and six surveillance cameras.

While he was being searched and for some time afterward, he was subjected to vulgar comments between Officer Daniels and an openly gay inmate. After the search, Mr. LeFlore was not allowed to sit on the workout machines. Rather, he was to walk, lay, and stand on the hard, cold gymnasium floor for several hours. He was served breakfast and lunch inside the gym. He was not given soap to wash his hands after the search. At about 10:45 a.m., Mr. LeFlore was allowed to return to his cell.

Mr. LeFlore later learned that his housing unit was the only one that "had undergone the cruel and unusual punishment to which he had been subjected." Dkt. No. 13, p. 6. He alleges that since that day, he has experienced neck and back pain, and has had to visit the psychiatric department for mental and emotional problems.

*Discussion*

Constitutional claims are to be addressed under the most applicable provision. The right implicated by the plaintiff's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

None of the allegations relating to being held in the gymnasium for several hours, during which Mr. LeFlore was served two meals, rise to the level of a constitutional violation.

The Court now considers Mr. LeFlore's claim that the group strip search violated his constitutional rights. "There is no question that strip searches may be unpleasant, humiliating,

and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Whether such searches violate the Constitution depends on the circumstances. Group strip searches may be unconstitutional if they are "conducted in a harassing manner intended to humiliate and cause psychological pain." *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). In addition, if group strip searches are performed without a valid reason, then such allegations might state a viable claim. *Id.*

Mr. LeFlore's entire unit was subjected to the strip search. He was informed that the searches were part of the safety and security measures taken during the fire drill. Officer McConaughey allegedly ordered the strip search, but nothing improper was alleged relating to that officer's order. The only defendant who allegedly acted in a way that could be viewed as "intended to humiliate and inflict psychological pain," is Officer Daniels when he made "salaciously vulgar exchanges" during the search with another inmate.

Officer Daniels is not named as a defendant in the caption of the second amended complaint, other than by the generic naming of "E-Squad Officers (names unknown)." Dkt. No. 13. Mr. LeFlore's motion to add first and last names of defendant E-Squad Officers, Dkt. No. 14, is **granted only to the extent that Officer Michael Daniels is designated as a defendant.** The motion to add first and last names is otherwise denied because merely listing all of the officers who were in the gymnasium on that day does not suffice to state a viable constitutional claim against each individual. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon

fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

None of the remaining named defendants participated in the strip search. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Any claims against Bruce Lemmon, Dushan Zatecky, Duane Alsip, Andrew Cole, Jerry Gilley, and Christopher Sanford are therefore **dismissed for failure to state a claim upon which relief can be granted.**

Similarly, collective liability under 42 U.S.C. § 1983 is not permitted—individual, personal involvement is required, and therefore, the claim against *i.e.,* E-Squad Officers (names unknown) is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue regarding the claims dismissed in this Entry.

The second amended complaint states a viable claim only against Officer Michael Daniels.

This discussion includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through May 21, 2018,** in which to identify those claims.

## II. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### III. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Michael Daniels in the manner specified by Rule 4(d). Process shall consist of the second amended complaint filed on March 16, 2018 (docket 13), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk shall terminate from the docket** defendants Bruce Lemmon, Dushan Zatecky, Duane Alsip, Andrew Cole, Jerry Gilley, Christopher Sanford, and E-Squad Officers. The **clerk shall also modify the docket** such that **Officer Michael Daniels is the only defendant.**

The clerk shall serve the defendant electronically.

**IT IS SO ORDERED.**

Date: 4/24/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD LEFLORE
942371
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Electronic Service to:

Officer Michael Daniels

(At: Pendleton Correctional Facility)